UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DWIGHT MCINTYRE,

    Plaintiff(s),

v.

STATE OF NEVADA, et al.,

    Defendant(s).

Case No. 2:20-cv-00848-GMN-NJK

**Order**

[Docket No. 30]

Pending before the Court is a motion to extend the dispositive motion deadline by 30 days. Docket No. 30. The Court does not require a response. The Court also does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to extend is **GRANTED**.

**I.  STANDARDS**

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct during the entirety of the period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. Lexis 169110, at *11-12 (D. Nev. Dec. 15, 2015). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (internal citation omitted).

The motion relies in part on a more generous approach taken in *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010). *See* Docket No. 30 at 5 (asserting a lack of

prejudice and a lack of bad faith). The standards extrapolated therefrom do not apply in the context of a request to modify a scheduling order pursuant to Rule 16. *See, e.g.*, *Espinosa v. Corrections Corp. of Am.*, 2021 WL 4186694, at *1 n.1 (D. Nev. Aug. 23, 2021).[1] The Court applies the well-established legal authority specific to this context.

## II.     ANALYSIS

The pending motion is predicated almost entirely on the assertion that counsel has competing work obligations given staffing issues in her office.[2] The Court appreciates that workload demands can make it difficult to meet deadlines, but the case law makes abundantly clear that attorneys are expected to take on workloads that are compatible with court-ordered deadlines. *See, e.g.*, *Olesczuk v. Citizens One Home Loans*, 2016 U.S. Dist. Lexis 153342, at *6 n.3 (D. Nev. Nov. 4, 2016) (citing *Greene v. Alhambra Hosp. Med. Ctr.*, 2015 U.S. Dist. Lexis 72697, at 83 (D. Nev. June 3, 2015)). Being busy or understaffed is simply not a good reason for failing to meet deadlines. *See, e.g.*, *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 355 n.6 (D. Nev. 2019). Moreover, the Court has been relatively lenient for months now in applying the applicable standards for attorneys in counsel's office given its staffing issues, *see, e.g.*, *Williams v. Williams*, 2021 U.S. Dist. Lexis 179269 (D. Nev. Aug. 27, 2021), but it is not clear why sufficient steps have not been taken during this time to hire additional attorneys so that cases can be staffed properly. The Court's leniency is reaching its end point.

Nonetheless, in the circumstances of this case and in the interest of having high-quality briefing submitted on summary judgment, the Court will allow the extension requested as a <u>one-time</u> courtesy to counsel.

---

[1] Additionally, recent Ninth Circuit authority appears to limit the reach of *Ahanchian* to its unique facts, even in the context of a request to extend a briefing schedule pursuant to Rule 6. *See Ratha v. Phatthana Seafood Co.*, ___ F.4th ___, 2022 WL 571015, at *17 (9th Cir. Feb. 25, 2022) (affirming the district court's "stringent case management deadlines" and denial of request to extend briefing schedule because there was no showing that "the district court flouted precedent [in granting summary judgment] or that [the appellants] were prejudiced by the district court's order denying their motion for an extension").

[2] To the extent an attorney has longstanding family commitments that may limit her general availability to practice law, *see, e.g.*, Docket No. 30 at 4 (identifying ongoing family commitment), that is an issue more appropriately directed to the attorney's supervisor than to the Court in the form of a request for extension of deadlines.

### III.  CONCLUSION

Accordingly, the motion to extend is **GRANTED** and the dispositive motion deadline is **EXTENDED** to April 14, 2022.  <u>Counsel must provide a copy of this order to her supervisor and file a declaration indicating that she has done so by March 17, 2022.</u>

IT IS SO ORDERED.

Dated: March 10, 2022

_____
Nancy J. Koppe
United States Magistrate Judge