UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DWIGHT MCINTYRE,<br>　　　　Plaintiff(s),<br>v.<br>STATE OF NEVADA, et al.,<br>　　　　Defendant(s). | Case No. 2:20-cv-00848-GMN-NJK<br><br>**ORDER**<br><br>[Docket Nos. 27, 28] |

　　　　Pending before the Court is Plaintiff's motion for appointment of counsel, as well as an accompanying application to proceed *in forma pauperis*. Docket Nos. 27, 28. No responses were filed.

　　　　A litigant does not have a constitutional right to appointed counsel to pursue civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). When determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

　　　　With respect to Plaintiff's likelihood of success on the merits, the Court notes that Plaintiff has stated colorable claims for deliberate indifference sufficiently to proceed past the pleading stage. *See* Docket No. 3 at 7-10, 12. Nonetheless, the Court is unable to assess whether the record demonstrates a likelihood of success on the merits. Moreover, as has already been found with

respect to Plaintiff bringing a similar case, the issues in this case are not especially complex and he has demonstrated sufficient ability to write and articulate his claims. *See McIntyre v. Naphcare, Inc.*, Case No. 2:16-cv-02107-JCM-PAL, Docket No. 21 (D. Nev. Jan. 18, 2019). Hence, this is not a case presenting extraordinary circumstances that warrant appointment of counsel.

To echo the sentiments expressed by a former colleague on the bench:

> The court understands that it is difficult for pro se parties to litigate their claims and almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept a pro bono appointment is very small. Plaintiff should familiarize himself with the Federal Rules of Civil Procedure, the Local Rules of Practice, and case law applicable to his claims.

*Downing v. Gentry*, 2018 WL 3822454, at *3 (D. Nev. Aug. 10, 2018).

Accordingly, the motion for appointment of counsel is DENIED. The accompanying application to proceed *in forma pauperis* is DENIED as moot.

IT IS SO ORDERED.

Dated: April 6, 2022

_____
Nancy J. Koppe
United States Magistrate Judge